# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

CAESAR DEPACO,

     Plaintiff,

v.                                                    Case No. 3:22-cv-1392-BJD-MCR

COFINA MEDIA, SA, REVISTA
SABADO, ALEXANDRE JOSE
RIBEIRO MALHADO, EDUARDO
DEMASO, JOHN DOES 1
THROUGH 10, and ABC
CORPORATIONS  1 THROUGH
10,

     Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. Review of Plaintiff's

Complaint reveals that it constitutes a prototypical "shotgun pleading." There

are four basic types of shotgun pleadings:

> (1) those in which "each count adopts the allegations
> of all preceding counts;" (2) those that do not re-allege
> all preceding counts but are "replete with conclusory,
> vague, and immaterial facts not obviously connected
> to any particular cause of action"; (3) those that do
> not separate each cause of action or claim for relief
> into a different count; and (4) those that assert
> multiple claims against multiple defendants without
> specifying which applies to which.

<u>Yeyille v. Miami Dade Cty. Pub. Sch.</u>, 643 F. App'x 882, 884 (11th Cir.

2016) (quoting <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313,

1321-23 (11th Cir. 2015)). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323. In ruling on the sufficiency of a claim, the Court faces the onerous task of sifting out irrelevancies to decide for itself which facts relate to a particular cause of action asserted. See id. Here, Plaintiff asserts multiple claims against all Defendants collectively without specifying which claim applies to which individual Defendant.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997); see also Weiland, 792 F.3d at 1321, 1324 ("[T]his Court has condemned the incorporation of preceding paragraphs where a complaint contains several counts, each one incorporating by reference the allegations of its predecessors [i.e., predecessor counts], leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." (internal quotation and citation omitted)); Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.").

As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted

expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.") (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)).

Accordingly, after due consideration, it is

**ORDERED:**

The Complaint (Doc. 1) is **STRICKEN**. Plaintiff shall file an amended complaint on or before **January 4, 2023** to remedy the deficiency noted herein, or this case will be **DISMISSED without prejudice**.

**DONE** and **ORDERED** in Jacksonville, Florida this 20th day of December, 2022.

BRIAN J. DAVIS
United States District Judge

- 3 -

8
Copies furnished to:

Counsel of Record
Unrepresented Parties